IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, THE STATES OF ARKANSAS, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MISSOURI, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, VIRGINIA, WASHINGTON, WISCONSIN AND THE DISTRICT OF COLUMBIA | Civil Action No. 1:18-cv-3121-SCJ UNDER SEAL |
| *EX REL*. KRYSTA MANGRUM, | |
| PLAINTIFFS AND RELATOR, | |
| *v.* | |
| LABORATORY CORPORATION OF AMERICA HOLDINGS (LABCORP), NORTH GEORGIA HEALTH CENTER (NGHCC), NGHCC CHIEF EXECUTIVE OFFICER DELAINE HUNTER, AND NGHCC MEDICAL DIRECTOR DR. GARY SMITH | |
| DEFENDANTS. | |

**JOINT NOTICE OF DISMISSAL**

1

Pursuant to Fed. R. Civ. P. 41(a), the United States of America (the "United States"), having intervened in part of this *qui tam* action brought pursuant to the False Claims Act, 31 U.S.C. §§ 3729-33; the State of Georgia ("Georgia"), having intervened in part of this *qui tam* action brought pursuant to the Georgia False Medicaid Claims Act, O.G.C.A. § 49-4-168.1 *et seq.*; and the Relator hereby notify the Court of the voluntary dismissal of the claims against Defendants as set forth below.

In accordance with, and subject to the terms of the Settlement Agreement, the United States and Georgia are voluntarily dismissing, with prejudice, the claims asserted by the Relator in this action on behalf of the United States and Georgia against Defendants NGHCC and Delaine Hunter that are based on the Covered Conduct as defined in Recitals, Paragraph D of the Settlement Agreement, which specifically provides as follows:

> The United States and Georgia contend that they have certain civil claims against Defendants NGHC and Delaine Hunter ("Defendants") arising from causing the submission of false claims for prescriptions of Schedule II controlled substances that were not medically necessary during the period from January 1, 2012, through September 10, 2018.  That conduct is referred to below as the "Covered Conduct."

The Relator consents to the dismissal with prejudice of those claims.

2

The Relator is voluntarily dismissing, with prejudice to the Relator and without prejudice to the United States and Georgia, the remaining claims asserted by the Relator in this action on behalf of the United States and Georgia against Defendants NGHCC and Delaine Hunter.  The United States and Georgia hereby consent, pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(1) and the Georgia False Medicaid Claims Act, O.C.G.A. § 49-4-168.2(b), respectively, to the Relators' voluntary dismissal of that portion of the action, provided that such dismissal is without prejudice to the United States and Georgia.

The Relator and Defendants NGHCC and Delaine Hunter have executed a separate written settlement agreement in full compromise and settlement of the Relator's claims against Defendants NGHCC and Delaine Hunter regarding attorney's fees, costs and expenses under 31 U.S.C. § 3730(d).  In accordance with that agreement, the Relator is voluntarily dismissing, with prejudice, her claims against Defendants NGHCC and Delaine Hunter for attorney's fees, costs and expenses.

Relator is voluntarily dismissing, without prejudice as to the Relator and without prejudice to the United States and Georgia, the claims asserted by the Relator in this action on behalf of the United States and Georgia against Defendants LabCorp and Gary Smith.  The United States and Georgia hereby

3

consent, pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(1) and the Georgia False Medicaid Claims Act, O.C.G.A. § 49-4-168.2(b), respectively, to the Relator's voluntary dismissal of that portion of the action, provided that such dismissal is without prejudice to the United States and Georgia.

Relator is voluntarily dismissing, without prejudice to the Relator and without prejudice to the named Plaintiff States of Arkansas, California, Colorado, Connecticut, Delaware, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Vermont, Virginia, Washington, Wisconsin, and the District of Columbia (collectively, the "Plaintiff States")[1]  claims in this action

---

[1] *See* Arkansas (Ark. Code § 20-77-900 *et seq*.); California (Cal. Gov't Code § 12650 *et seq*.); Colorado (Colo. Rev. Stat. § 25.5-4-303.5 *et seq*.); Connecticut (Conn. Gen. Stat. §§ 17b-301a — 17b- 301p, as amended); Delaware (Del. Code Ann. tit. 6 § 1201 *et seq*.); the District of Columbia (D.C. Code § 2-308.13, *et seq*.); Hawaii (H.R.S. Sections 661-21 *et seq*.); Illinois (740 Ill. Comp. Stat. 175/1 *et seq*.); Indiana (IC § 5-11-5.5 *et seq*.); Iowa (IOWA C. § 685.3(2)(c)); Louisiana (La. R.S. § 46:439.2); Maryland (Md. Code Ann., Health Gen. § 2-604); Massachusetts (M.G.L.C. 12 § 5A *et seq*.); Michigan (MCL 400.610a (3)); Minnesota (Minn. Stat. § 15C.01, *et seq*.); Missouri (MO Rev. Code §191.900 *et seq*.); Montana (Mont. Code Anno. § 17-8-401 *et seq*.); Nevada (NRS 357.010, 357.110, *et seq*.); New Hampshire (N.H. Rev. Stat. Ann. § 167:61-8, *et seq*.); New Jersey (N.J.S.A. 2A: 32C-5g (1)); New Mexico (N.M.S.A. §§ 27-14-1 *et seq*.); New York (N.Y. State Fin. Law § 187 *et. seq.* (McKinney 2010)); North Carolina (N.C.G.S. §1-605, *et seq*.); Oklahoma (63 O.S. § 5053, *et seq*.); Rhode Island (R.I. Gen. Laws § 9-1.1-1 *et seq*.); Tennessee (Tenn.

4

against all Defendants. The Plaintiff States hereby consent, pursuant to their respective False Claims Act statutes, to the Relator's voluntary dismissal of that portion of the action, provided that such dismissal is without prejudice to the Plaintiff States.

This __ day of July, 2021.

| FOR RELATORS: | FOR THE UNITED STATES: |
|---|---|
| *Renée Brooker*<br>_____ | KURT R. ERSKINE<br>ACTING U.S. ATTORNEY<br>*Paris Wynn*<br>_____ |
| Renée Brooker<br>Tycko & Zavareei LLP<br>1828 L Street NW<br>Suite 1000<br>Washington, DC 20036<br>(202) 417-3664<br>DC Bar No. 430159<br>Admitted pro hac vice | PARIS WYNN<br>ASSISTANT U.S. ATTORNEY<br>Assistant U.S. Attorney<br>75 Spring Street, Suite 600<br>Atlanta, Georgia 30303<br>(404)581-6228 (telephone)<br>Georgia Bar No. 933549 |
| | FOR GEORGIA:<br><br>CHRISTOPHER M. CARR<br>ATTORNEY GENERAL<br>_____ |

Code Ann. § 71-5-181 *et seq.*); Texas (Tex. Hum. Res. Code Ann. § 36.001, *et seq.*); Vermont (Vt. Stat. Ann. § 631(a)(1)); Virginia (Va. Code § 8.01 – 216.1 *et seq.*); Washington (R.C.W. 74.66.050) and Wisconsin (Wis. Stat. § 20.931 *et seq.*).

| | SARA E. VANN (signed by Paris Wynn with express permission) Assistant Attorney General Georgia Medicaid Fraud Control Unit 200 Piedmont Ave., S.E. West Tower, 19th Floor Atlanta, GA 30334 Phone: (404) 656-4998 Georgia Bar No. 141787 |
| --- | --- |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, THE STATES OF ARKANSAS, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MARYLAND, MASSACHUSETTS, MICHIGAN, MINNESOTA, MISSOURI, MONTANA, NEVADA, NEW HAMPSHIRE, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT, VIRGINIA, WASHINGTON, WISCONSIN AND THE DISTRICT OF COLUMBIA | Civil Action No. 1:18-cv-3121-SCJ **UNDER SEAL** |

*EX REL.* KRYSTA MANGRUM,

     PLAINTIFFS AND RELATOR,

    *v.*

LABORATORY CORPORATION OF AMERICA HOLDINGS (LABCORP), NORTH GEORGIA HEALTH CENTER (NGHCC), NGHCC CHIEF EXECUTIVE OFFICER DELAINE HUNTER, AND NGHCC MEDICAL DIRECTOR DR. GARY SMITH

     DEFENDANTS.

## ORDER

WHEREAS the United States of America (the "United States") and the State of Georgia have partially intervened in this action with regard to allegations against defendants North Georgia Health Center (NGHCC) and NGHCC Chief Executive Office Delaine Hunter (Hunter) for the purpose of effectuating settlement agreements between the United States, the State of Georgia, the Relator and the above-named defendants;

WHEREAS the United States and State of Georgia have declined to intervene in this action as to claims asserted by the Relator on behalf of the State of Georgia against Defendants Laboratory Corporation of America Holdings (LabCorp) and NGHCC Medical Director Dr. Gary Smith (Smith); and

WHEREAS the remaining Plaintiff States have declined to intervene in this action as to all Defendants;

WHEREAS the United States, Georgia and the Relator have filed a joint stipulation of dismissal, with consent of the remaining Plaintiff States.

IT IS HEREBY ORDERED as follows:

1.   This case is reopened and placed on the Court's active docket.

2.   Consistent with the terms of the settlement agreement between

The United States, the State of Georgia, the Relator and Defendants NGHCC and Hunter, the claims asserted by the Relator on behalf of the United States and Georgia against NGCHH and Hunter that are based on the Covered Conduct as defined in Recital D of the Settlement Agreement are dismissed with prejudice.  Recital D of the Settlement Agreement specifically provides as follows:

> D.  The United States and Georgia contend that they have certain civil claims against Defendants NGHC and Delaine Hunter ("Defendants") arising from causing the submission of false claims for prescriptions of Schedule II controlled substances that were not medically necessary during the period from January 1, 2012, through September 10, 2018.  That conduct is referred to below as the "Covered Conduct."

3.  The remaining claims asserted by the Relator on behalf of the United States and Georgia against Defendants NGHCC and Hunter are dismissed with prejudice to the Relator and without prejudice to the United States and Georgia.

4.  The claims asserted by the Relator on behalf of the United States and Georgia against Defendants LabCorp and Smith are dismissed without prejudice to the United States, Georgia and the Relator.

5. The claims asserted by the Relator on behalf of the remaining Plaintiff States against Defendants are dismissed without prejudice to the Plaintiff States.

6. The seal shall be lifted as to this Order, the Joint Stipulation of Dismissal in Part, the Joint Notice of Election to Intervene in Part, and the Complaint. All other contents of the Court's file and associated docket entries (including the electronic CM/ECF docket report) in this action shall remain under seal and shall not be made public or served upon Defendants, except as otherwise provided by the Court.

**IT IS SO ORDERED**, this _____ day of _____, 2021.

_____
STEVE C. JONES
UNITED STATES DISTRICT JUDGE

Presented by:

_Paris Wynn_
_____
Paris Wynn
Assistant United States Attorney